Good morning, your honors. May it please the court. I'm Lucy Jewell. I'm from the University of Tennessee Appellate Litigation Clinic. It is my honor to introduce the court to William Neal. He is a third year law student in good standing at the University of Tennessee College of Law. He is familiar with the rules of professional conduct as they have been promulgated by the state of Tennessee. We have the consent of our client, Yaqob Thomas, to have students represent him throughout this appeal. Mr. Neal has participated intensively in the briefing of this case and this court has granted our motion to allow him to participate in the oral arguments. Thank you, your honors. Good morning, your honors. As Professor Jewell stated, my name is William Neal. I'm here on behalf of the petitioner, Mr. Yaqob Thomas. I respectfully request three minutes for rebuttal. May it please the court. This is a case about an inmate's right guaranteed to him by the laws of these United States to federal review of a state court conviction. The lower court denied Mr. Thomas this right when it found that his second post-conviction relief motion was improperly filed despite its compliance with all applicable conditions to filing. Recognizing the arguable nature of this denial, this court graciously granted Mr. Thomas a certificate of appealability as to that issue. So the arguments here today are going to come down to conditions to filing versus conditions to obtaining relief. If a motion is denied based on a condition to filing, then that motion is not properly filed and thus fails to told the statute of limitations on habeas relief found in the Anti-Terrorism and Effective Death Penalty Act. So give us an example of something you think isn't properly filed in that sense of the term. So a motion that is outside of the statute of limitations or a motion that is filed without the accompanying filing fee, if it's lodged in the wrong place or potentially the wrong form, those are all things listed by the Supreme Court of the United States as examples of conditions to filing. So on the other hand, if a motion is denied based on a condition to obtaining relief, that motion is still properly filed and thus does told the statute of limitations. So here we're dealing with two rules in the state of Kentucky. Kentucky rule of criminal procedure 11.42 and Kentucky rule of civil procedure 60.02. So while it is true that once an 11.42 motion is filed, all issues that are raised or could reasonably be raised in that motion are barred. However, there's this other rule 60.02, one recognized by the Commonwealth of Kentucky and therefore for this purpose for extraordinary circumstances and Mr. Thomas availed himself to that motion when he filed his second post conviction relief motion. So what's the best case that you have found which supports the position that Kentucky rules 60.02 permits successive motions? Well, your honor, I think the landmark cases is in the state of Kentucky is gross fee Commonwealth that delineates the difference between between these two rules and what that case holds is that in order to avail one to avail themselves to 60.02 relief, they must affirmatively allege facts which if taken as true would would justify granting relief to the movement. And I believe here in this case, Mr. Thomas met that burden. He affirmatively alleged that that a funeral program that could have been used to impeach the state's main witness at trial was fraudulently kept from him and later fraudulently inserted into the record. Well, let me ask you a question about his 60.02. You have subsection B, which is for newly discovered evidence. And my understanding is that would be the funeral program. He also is making a claim under 60.02 F, which is sort of a catch-all. And the problem with subsection B here is that there's a statute of limitations of what is it one year which he didn't meet. So he's really trying to come under 60.02 F. But what is it about what he is claiming that is more than just newly discovered evidence that would fit him under subsection F? Prosecutorial fraud, Your Honor. His allegation is that he asked for this record in 2008 after after his first post conviction relief motion, and he found this funeral program. But it's Oh, thank you. But it is his position that that funeral program was improperly and fraudulently inserted into the record after he had filed his initial 11.42 motion. Is there anything in the record which indicates fraud rather than the fact that it wasn't provided? Well, Your Honor, we do have footnote three in the respondent's brief, which does admit that there is a discrepancy in the state court record, if you'll excuse me briefly, that there actually wasn't. It's always risky, you know. And I've seen lawyers do that. So I commend you for being so intrepid. Excuse me, Your Honor. But there is there it has been admitted by the by the respondent that there was a discrepancy in the state in the state trial record as to when that that that funeral program was inserted into the record. But I think what's most important here is to recognize that 60.02 exists and movements are entitled to file their motion under that. There are circumstances in which 60.02 relief is granted. And essentially, the respondent's entire argument is that Mr. Thomas raised the wrong issues in a 60.02 motion, that those issues were barred from being raised because they could have reasonably been raised in an 11.42 motion. If their whole argument is that he raised the wrong issues, then the rule precludes issues, not motions, and was thus properly filed. That's the big distinction that was that was set forth by the United States Supreme Court in Artuse v. Bennett in the year 2000. If a rule precludes motions, then the motion is improperly filed. However, if it precludes only issues, then it is still properly filed. And that's what we're dealing with here today. If one of those issues is barred by the statute of limitations, that takes that part of it back into the into the barred category, right? Yes, Your Honor. That would be what the Supreme Court held in Pace v. D'Uglielmo. Yes, Your Honor. If it was barred by the statute of limitations, then it's improperly filed. We would concede that point. However, this 60.02 F is for extraordinary circumstances. That's what he pled. The statute of limitations on that is just a reasonable time. Seeing as how two levels of the Kentucky judiciary examined the merits of this petition, they stated nothing about this being filed in an unreasonable time. So it must have met that statute of limitations. So the three cases we're really dealing with here. So the three cases that we're really dealing with in the realm here are Artuse and Pace from the Supreme Court and then Williams v. Burkitt from this court. And so in Pace, Pace dealt with the statute of limitations issue. So it's not really applicable here, as far as I'm concerned. The case from this court that came down, I believe, in 2012 was Williams v. Burkitt. And the respondent relied fairly heavily on that case in their brief. That case is highly distinguishable from the case at bar because that case, the Michigan rule at issue there, 6.502 G, I believe it was, specifically stated in the statute, specifically stated successive motions are not permitted to be filed. And it directed the clerk to return all successive motions back to the movement. So it went to the very initiation of the petition, which is what Artuse, the guidance we got from Artuse, if it goes to the very initiation of the petition, then it's not properly filed. What we have here is a movement, Mr. Thomas, the petitioner, who is allowed to file his motion and did so and was denied relief based on conditions to obtain relief. And therefore his motion was properly filed. You would say that as to its 11.42 component and it's 60.02 component? Is that, am I understanding your argument correctly? He kind of invokes both rules. He invokes both rules. I believe in so much as it was an 11.42 motion, as stated in this court certificate of appealability, that motion was likely precluded. However, so just to, you know, understand the contrast, then why would that be in your, if you would, I mean, do you agree that it's precluded? If that, why would that be precluded and not the other in your sort of understanding of the relevant rules here? So Kentucky courts have fairly consistently stated that successive 11.42 motions are barred. But motions are barred? The rule says Commonwealth of Kentucky have said motions. You lost on that and then said the motion is barred. Yes, Your Honor. Construed it the way the Michigan courts construed 6.502. Is that fair? Yes, Your Honor. But you say, okay, he also invoked 60.02 and the Kentucky courts then, you know, far from returning it to the, your client, they actually adjudicate on the merits. Yes, Your Honor. At two levels of the judiciary, both the state trial court as well as the Kentucky courts examined this, the motion on the merits. And it is true that they denied the motion. However, that's not what we're, that's not the end all be all. What we're dealing with is whether the motion was properly filed such that it told the statute of limitations. And it's our position that it certainly was because he was allowed to file the motion. Um, in my remaining time, I just want to talk about one other case, um, from the third circuit, as a matter of fact, the case of Lavaz V. Vaughn. And that case is really a lot more on point here than, than the Williams v. Verket case out of Michigan. Because in that case, what we had was we had a Pennsylvania rule that, that sounded essentially a lot like the rule here at 11.42 out of Kentucky. And what the third circuit said in that case was, though courts, though the Pennsylvania courts, um, had announced like, uh, excuse me, had announced very strict rules regarding successive motions, they didn't totally preclude them. So the state law wasn't entirely clear. And as such, it was permissible to file the motion under state law. And why that's important is because EDPA sends a very clear message to litigants, to state court litigants, and that is exhaust your state court remedies. If you don't exhaust your state court remedies, then you're not entitled to have your habeas petition heard yet. And if, if, if the courts were to say that the motions like these, like the one in Lavaz and the one here were not properly filed, then it would be discouraging state court remedies. And, and that would defy congressional intent, quite honestly. Well, I mean, if they, you know, if they bring a petition that has, uh, unexhausted claims, then the district court's not going to consider those claims. Right. Right, Your Honor. And that's, and that's the. They may just forfeit the ability as a practical matter ever to assert those in federal court. Um. Right, Your Honor. And that's the catch-22 that Mr. Thomas was in. He, he felt that he was aggrieved by prosecutorial fraud. And if he hadn't brought this 60.02 motion, if he hadn't brought it, they never would have been able to tell anyone about it. And he never would have been able to pray for relief, um, for a very grievous wrong. Um, quite frankly, if, if Your Honor's have no further questions, I would just pray that you overturn the erroneous ruling from the Eastern District of Kentucky. All right. And you had some rebuttal. Yes, Your Honors. May it please the court. James Shackelford. I represent Mr. Emeko, the warden in this case. At issue today is whether or not prisoners are going to be able to give themselves de facto extensions of time to file a federal habeas petition by subverting, uh, what is the vernacular? So, excuse me, when I say 1142, I mean, criminal rule 1142. When I say 60.02, I mean, CR 60.02. So, under that rule, though, um, what, what constitutes, you know, a successive motion for purposes of, at, you know, cutting off that, uh, that, that habeas relief? Well, a, a successive motion under 1142 would be any motion. Uh, the, the Kentucky courts do not look at the underlying claims. They merely say, you filed one 1142 motion. That's it. Uh, now there is some, uh, catch up, uh, you know, saving provisions, for example, a the state courts actually lose jurisdiction in 10 days after judgment. And only, uh, uh, the, the bowling case, uh, that I've cited in the briefs is only a proper motion under 1142, 60.02, or state habeas would reinvest the trial court with jurisdiction. Now, it's not unusual. So, so with that there are circumstances where, uh, another motion, in all of what the term successive, is going to be warranted and properly filed, such as to, uh, as you say, extend or enlarge this relief period, right? In some circumstances, certainly. Uh, in this circumstance, though, Kentucky has made it very you are barred from bringing it under CR 60.02, even if you didn't raise it. For example, in the Sanders opinion, uh, they discussed this, the, the same thing that the, uh, Mr. Thomas has, uh, tried, they tried there. They brought a motion under 1142 and 60.02, and they said, uh, the Supreme Court said, do not, uh, that they do not qualify to be brought in a 60.02 proceeding. And, and I know the court does not like, uh, being read to, but I would ask your indulgence to read two sentences from that opinion. Okay, only two sentences, though. Okay. An examination of the claims as listed above discloses they are of the type ordinarily raised in an RCR 1142 petition. Thus, in practical effect, appellant's CR 60.02 motion was indeed, as found by the trial court, an impermissible successive RCR 1142 motion. Well, if I may, I mean, he invokes 1142 and 60.02. Yes. And I, my understanding is that the trial court in Kentucky treats those separately, analyzes them separately. Isn't that fair? Um, sort of. And I, and I say that because, in this case, the trial court briefly mentioned 60.02 and, and spent a couple of sentences about how it had no merit, but then it said, that's why successive motions are disfavored in this state. Now, the Kentucky Court of Appeals, they said, we argued the Commonwealth, I was representing the Commonwealth, argued it was a successive 1142. The reasons that we've discussed about, uh, before. And then it said, to be certain, CR 60.02 motions are not for motions that could have been brought under 1142, for claims that could have been brought under 1142. So, really, what they're doing. Let me just stop you there. I mean, the court said, the Court of Appeals said that the trial court properly refused to consider. That's the trial court, in fact, exercised its discretion in a way that's permissible, which is a merits determination. I think it's a mixture. I think that the court, the Kentucky Court of Appeals does what courts do a lot of times and what lawyers do a lot of times. I think it really said both. It And that's okay, because Pace talks about, sometimes you get entangled in the merits. And I've cited a couple of cases, one from the 8th Circuit, one from the 11th Circuit, where they say, look, even if the state decides on the merits, we're going to look underneath that, and these were untimely claims they were talking about, and say that they do not toe the statute of limitations. What is the basis of relief under the section of 1142 that Mr. Thomas invoked in the second petition? What would he have to show? Well, if it had not been a successive motion, okay, he would have had to have stated the nature of the claim with specificity. Here he was claiming a Brady claim, is what it amounts to, and he also alleged that counsel was ineffective because he told him about the Brady claim. Does that apply to any kind of claim? It's not just ineffective assistance of counsel claims are brought under that provision? Oh, certainly. And I've cited to the court several published and a bunch of unpublished cases where Kentucky courts have ruled on Brady claims under 1142. I guess, I mean, I'm just wondering, it would seem like, you know, one answer here is in the state court, in the second filing, he invokes 1142, he invokes 1602. To the extent he is seeking review of the 1142 denial in his federal petition, we're not going to consider that because, well, I don't know if this holds together. Because, I mean, that, it wasn't, his federal limitations period isn't told as to that because it wasn't properly filed. And then the other one is properly filed because the Kentucky courts, in fact, adjudicated on the merits. But maybe we can't divide up properly filed in that manner for purposes of one habeas petition. Well, and I think, though, that what we have to keep in mind is the fact that to simply allow somebody to take a barred claim under 1142 and say, oh, it's a 1602 violation. I guess, you know, I mean, I'm struggling with this. I think that, why shouldn't the Kentucky courts police that, all right? If the Kentucky courts just flatly refused to consider the merits and they said, you know what, you know, trial court, court of appeals, this is not properly filed as a motion, not just issue, it's precluded as a motion, we're not considering it, end of case. Then that's one thing. And they can do that. There's nothing that's stopping them from doing that. But what we actually have here is the Kentucky courts adjudicating the 1602 on the merits. And, I mean, that was their choice. And, I mean, how can we say it's not properly filed when they consider it on the merits? They chose to do it. Well, I think to the extent that there was any kind of merits review, it was simply to make sure that this vast, I called it the procedural merits. Did it fall even under the gambit of 1602F? That's their choice. And for us to sort of do a revisionist history of that seems like the more problematic way to address the concern, the end run concern that you have. The simple way is for Kentucky basically to do what Michigan does, which is be really clear, we are not considering this. Well, first of all, again, I disagree that it was completely a merits determination. I think it was a dual determination that it was both improper under 1602 and it did say the trial court did not abuse its discretion. So I think it's more of a mixed bag, which, again, Pace recognizes that sometimes you get entangled with the merits when doing this. And I think that's okay. And Pace also recognized, and I want to address the point raised a moment ago about the fact that they didn't send this back. Pace recognizes and discusses it in footnote 5 that most of the time clerks don't have mechanical limits. Occasionally you'll find something that says send it back or don't accept it. But most of the time they don't do that. And I know in Kentucky the only time they don't accept something for filing is if there's a filing fee required. It would seem like it would be the court's job to enforce the rules if they mean what you're saying. And if something slips through, it's not the end of the federal court system. I mean, EDPA is pretty strict, but at the same time EDPA doesn't want to preclude that one outlier out there where a prisoner really does have a valid complaint. Well, if you're talking about a miscarriage of justice, that's a different issue altogether. Well, even a frequent filer, even someone who is filing different claims all the time, if they have the imagination to think up something that is going to cause the Kentucky courts to look at it and say, well, no, there's no, we deny this claim, it's without merit, the fact that he is able to sneak one through like that is not going to be the end of the world. It's not going to be the end of the world, no, but I think that it would encourage some potentially abusive delays because, remember, these people are mostly in, they're long-termers. We have a lot of them in the Third Circuit, too. I'm very familiar with them. And I do want to address, before I forget to do so, this newly discovered evidence. There were two instances, it appears, in the state court record, and as previously pointed out, I agree that in the first instance, which was before trial, there is a discrepancy in the state court record. The second instance, which was relied upon by the Kentucky Court of Appeals and by the district court, was, it was attached to a victim impact statement, which was filed before sentencing. So he was aware of the actual document before his direct appeal. So, I know that goes to the merits somewhat. The district court didn't reach the merits at all, right? No, but it's relevant here because of the fact that, again, it showed that he was aware and could have brought his claim under 1142 and did not do so. I guess, I mean, why wouldn't it make sense to have a rule here that says simply, if a state court considers the merits of a claim or a motion, even in an alternative holding, then the motion was properly filed? I mean, that just seems like common sense. And, you know, in state courts, it's easy to avoid that if you want to. Well, that seems to be contrary, though, to what Pace was saying and to some extent what Williams v. Burkitt were saying. That, again, you get some judicial consideration and entanglement with the merits because, in reality, yeah, it'd make everybody's life a lot easier if everything was just cookie-cut or clean. But it's not like that, and I don't think that would be a good rule to require state courts to follow the cookie-cut or clean method because life is seldom that clean. And so I would ask— I mean, what you're arguing, in effect, is that we should say, what, he should have somehow brought this earlier in federal court? I mean, setting aside, I guess, the exhaustion issue for a moment, I mean, we're talking about timeliness here in this appeal. And you're saying that it's untimely and he should have, in effect, brought his habeas petition with this claim at the same time, in fact, the Kentucky courts were adjudicating that claim on the merits. Well, if it was on the merits, and, of course, he could have filed a protective petition. But the other thing, what I think this really is— This is a very strange, you know, way for us to do business here. Well, I'll sum up real quick and just say this. I think that what we've got here is a pig that they put the lipstick on through CR 6002, and I just asked the court not to kiss the pig. Well, but the Kentucky courts didn't really call it a pig. Thank you. We'll see. Thank you for your argument, sir. We'll hear a rebuttal. Your Honor, I just want to touch on a couple brief things in the short time that I have left. One, if the Commonwealth of Kentucky is worried about putting lipstick on a pig, for lack of a better term— I was hoping that you weren't going to bring in farm animals. R2's was a very clear decision. It's only six or seven paragraphs. It came down over 15 years ago. The state of Kentucky has had at least that long to sort this out. If they want to change their rules, so be it. They're more than welcome to. They can require prior judicial authorization for a 60.02 motion. They can do a litany of things that would prevent us from standing here today. The fact of the matter is they didn't. Their argument is that Mr. Thomas raised the wrong issues. He was allowed to file the motion. He did, and two levels of the Kentucky judiciary ruled on his motion, on the merits of his motion. Now, it is true that PACE has some language in it that talks about, just because we get to the merits doesn't mean that we're necessarily properly filed. But the court in PACE did not actually get to the merits of the motion. The court in PACE got to the, quote-unquote, merits, because they were looking to see if they met an exception to a statute of limitations. So that's not the merits of post-conviction relief. That's simply the merits of a statute of limitations exception. So it's wholly different than what we have here. The fact of the matter is the guiding case that we have here is Williams v. Burkitt. And the test that this court used in Williams v. Burkitt is, is the rule at issue more like the rule in R2s, or is it more like the rule in PACE? Here it is wholly clear that the two rules, 11.42 and 60.02, when used in tandem, are more like the rule in R2s. The New York rule in R2s stated that all issues previously raised and litigated are barred from being raised again. That's exactly what we have here. It reads almost exactly like 11.42 reads, and then we have 60.02 that permits an inmate similarly situated to Mr. Thomas to file a motion. The Kentucky post-conviction framework does not preclude Mr. Thomas from filing this motion. And sometimes in the AEDPA context we construe things like a Rule 60B motion to be in fact a second or successive petition. And we say if we didn't recognize the reality, the functional reality here, it would circumvent AEDPA. I mean the Kentucky courts could do exactly the same thing in construing putative 60.02 motions and say, no, no, no, this is really an 11.42, and presumably federal courts would honor that. Correct, Your Honor. I think what the difference is is in that situation you're talking about in Federal 60B and successive habeas motions, move-ins are required to get prior judicial authorization to file that successive habeas motion. If the state of Kentucky required that in this context, then it would be the same thing. However, it's not. They allow them to file this motion, and our client availed himself to that permission. As such, we would just once again pray that you overturn the ruling of the lower court and grant Mr. Thomas the relief that he seeks. Thank you for your time, Your Honor. Thank you for your argument. Thank you both for your arguments. The case was very well argued by both sides. We appreciate it. Thank you. The rest of the cases are on the briefs. The clerk may adjourn court.